## No. 814.

### ELIAS LINDSTRUM v. ELIJAH EWING, Administrator.

Where in an action to annul a judgment obtained by defendant against the plaintiff on a promissory note, which judgment was affirmed on appeal to this court in 1869, it appears that the consideration of the note was the price of a slave purchased on the tenth of October, 1861, this is sufficient ground for setting aside the judgment which is sought to be annulled.

APPEAL from the Sixteenth Judicial District Court, parish of Vermilion, *Mouton*, J. *M. E. Girard*, for plaintiff and appellee. *Breaux & King*, for defendant and appellant.

TALIAFERRO. J. This is an action to annul a judgment obtained by defendant against the plaintiff in a suit numbered 854 of the docket of the District Court, for the parish of Vermilion. This judgment was affirmed on appeal to this court, in September, 1869. See 21 An. 683. The ground alleged for annulling the judgment is, that it was obtained and based upon a promissory note, signed by the plaintiff as surety of one Todd; the consideration of the note being the price of a slave purchased by Todd at the the probate sale of the succession of Alexander McDonald, in October, 1861. There was judgment in favor of the plaintiff, annulling the judgment in the suit numbered 854, Elijah Ewing, administrator *v.* G. W. Rool et al. The defendant appeals. The defendant filed several peremptory exceptions in bar of the plaintiff's right to recover. It will be necessary to consider only two of these—

"That the judgment sought to be annulled is *res judicata* and the action of nullity can not be maintained to avoid the same upon facts

and allegations, which were known to plaintiff, and ought to have been pleaded before judgment."

"That if the judgment sought to be annulled had been obtained by fraud and ill-practices, as intimated in the plaintiff's petition, still, the action of nullity can not be maintained on that ground, because if any such fraud or ill-practice ever existed it was discovered more than one year prior to the institution of this suit, and the suit is barred by the prescription of one year."

The record shows that the judgment sought to be annulled was rendered in April, 1866, and before the nullity of contracts founded upon slave considerations had been declared by the courts of this State. That defense could not h ive been known to the plaintiff here when defendant in the action resulting in the judgment he now seeks to annul. The plaintiff bases his action mainly on the ground of the illegality of contracts, where the consideration was the price of slaves. The prescription of one year is not applicable. On the merits the plaintiff has fully made out his case. He shows clearly, as alleged in his petition, that he became a surety of Todd, on a note given by him for the price of a slave named Sarah, purchased by Todd, at the probate sale of the estate of Alexander McDonald, on the tenth of October, 1861. That he was sued upon that note, and that the judgment he now seeks to annul was rendered against him.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs. Wainwright *v.* Bridges, 19 An. 234, and many decisions subsequently rendered of the same purport.